Thomas Dickens, J.
This is a CPLR article 78 proceeding, by which the petitioner seeks an order directing respondent Frank L. Lazarus to cease employing the services of respondent Leo A. Larkin, his associates and subordinates, for the purposes of appearing and defending the said Frank L. Lazarus in a private action.
There is a cross motion by respondents seeking an order dismissing the petition upon the grounds of legal insufficiency.
It appears that during a Board of Estimate meeting, at which respondent Frank L. Lazarus, as Commissioner of Real Estate, sat as an advisor, certain words which petitioner deemed actionable were uttered by respondent Lazarus. Petitioner thereupon brought an action in defamation against this respondent as an individual.
The respondent appeared by Leo A. Larkin in his capacity as Corporation iCounsel.
Upon receipt of process the respondent forwarded same to the Corporation Counsel, requesting that he defend him.
The ¡Corporation Counsel, by a subordinate, served an answer.
Now, after the expiration of some eight months, this petition is submitted to the court.
The petition alleges that the alleged actionable words were uttered by the respondent as an individual and therefore the city has no interest in the action. As a taxpayer, he brings this proceeding to compel the Corporation Counsel to withdraw from the matter and to cease utilizing city services for the personal benefit of a public officer.
Petitioner cites sections 894 and 395 of the New York City Charter as the basic authority for his proceeding.
■Section 394 provides:11 Except as otherwise provided by law, the corporation counsel shall be attorney and counsel for the city and every agency thereof and shall have charge and conduct of *891 all the the law business of the city and its agencies and in which the city is interested.”
Section 395 provides: “ The corporation counsel may assign an assistant or assistants to any agency, and no officer or agency, unless it be herein otherwise especially provided, shall have or employ any attorney or counsel, except where a judgment or order in an action or proceeding may affect him or them individually or may he followed by a motion to commit for contempt of court, in which case he or they may employ and be represented by attorney or counsel at his own or their own expense.”
While the two above-quoted sections are germane to the issues here, they do not prohibit the appearance of the Corporation Counsel under the facts of this case.
Section 395-1.0 of the Administrative Code of the City of New York provides: “ The corporation counsel, in Ms discretion may appear, or direct any of his assistants to appear, in any action or proceeding, whether criminal or civil, which may be brought against any officer, subordinate or employee in the service of the city, or of any of the counties contained therein, by reason of any acts done or omitted by such officer, subordinate or employee, while in the performance of his duty, whenever such appearance is requested by the head of the agency in which such officer, subordinate or employee is employed or whenever the interests of the city require his appearance.” (Italics supplied.)
This provision clearly shows that the interests of the city need not be involved in every action in which the Corporation Counsel appears.
There is no disptue that the respondent was acting ‘ ‘ while in the performance of his duty” (at the board meeting) as is required by section 395-1.0 of the Administrative Code of the City of New York.
Accordingly, the petitioner’s application is denied, and the petition is dismissed. The cross motion is accordingly granted.